UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-11364-RGS

INTERACTIVE MEDIA CORP.

v.

IMATION CORP.

MEMORANDUM AND ORDER ON INTERACTIVE MEDIA CORP.'S
MOTION FOR PRELIMINARY INJUNCTION

September 13, 2012

STEARNS, D.J.

Plaintiff Interactive Media, Corp. (IMC)'s motion for preliminary injunction will be denied. "'A preliminary injunction is an 'extraordinary and drastic remedy,' *Munaf v. Geren,* 553 U.S. 674, 689–690 (2008) (quoting 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2948, at 129 (2d ed.1995)), that 'is never awarded as of right.' *Id.* at 690." *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008). *See also Campbell Soup Co. v. Giles*, 47 F.3d 467, 470 (1st Cir. 1995).

Based on the record and the parties' pleadings, it is not clear to the court that IMC has shown a substantial likelihood of success on the merits of its suit.  Although IMC lays claim to earlier use of its KANGURU DEFENDER marks, it has not offered evidence of the extent of that use.  Defendant Imation, for its part, has submitted evidence that it has successfully registered its IMATION DEFENDER marks with the United States Trademark Office, and consequently is entitled to a presumption of validity of as to its marks.  The marks bear some similarity in that both IMC and Imation use the word "defender."  However, as Imation points out (as confirmed by IMC's exhibits), the word "defender" almost always appears in tandem with the parties' more distinctive "KANGURU" or "IMATION" marks.  *See* IMC's Ex's 1 & 2.  The word "defender" is essentially a generic term that merits little protection on its own.  The competing products are similar, but not identical.[1]  Although the circumstances of Imation's adoption of its marks are somewhat questionable,[2] IMC has submitted little evidence on the remaining *Pignons* likelihood of consumer confusion factors.  *See Pignons S.A. de Mecanique de Precision v. Polaroid Corp.*, 657 F.2d 482,

---

[1] Imation maintains that its products are certified to a higher rating (Level 3) under the government's FIPS 140-2 security standard than IMC's products (Level 2), and are sold at a higher price.  *See also* IMC's Exs. 1 & 2.

[2] Although Imation asserts that it decided to use its marks prior to any business discussions with IMC, it is unclear whether Imation knew about IMC's use of the marks at the time of its own adoption.

487 (1st Cir. 1981).

Putting aside the inconclusive showing of a likelihood of success, IMC has not made a showing of irreparable harm.  IMC states in its Verified Complaint that it learned of Imation's alleged infringing uses of the contested marks in early 2010 and that it served Imation with a cease-and-desist letter on May 11, 2010.  Compl. ¶ 41.  After Imation rejected the letter, IMC delayed bringing this law suit for more than two years (the Complaint was filed in July of 2012).  IMC's "failure to act sooner undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief and suggests that there is, in fact, no irreparable injury." *Voice of the Arab World*, 645 F.3d at 35 (citation omitted).

The passage of time also impacts the balance of the equities involved.  Any harm IMC has suffered in the interim is partly owing to its own unexplained delay.  IMC, as Imation noted, did not oppose Imation's registration of the IMATION DEFENDER marks with the United States Trademark Office.  At the same time, Imation has made substantial efforts to promote and establish its marks.  While continuing infringement, assuming that there is infringement, would harm IMC, requiring Imation to completely forego its marks at this later juncture would also cause harm to Imation.  Equity, as a rule, will not reward those who sit on their hands.

Finally, the public interest will not on balance be served by a preliminary

injunction.  While there is a public interest in protecting the integrity of a market player's mark, there is a counterbalancing interest in market competition, which is to the benefit of ordinary consumers.  As the Imation and IMC products, although similar in many respects, have different security certifications, they also serve to meet somewhat different consumer needs.

### ORDER

For the foregoing reasons, IMC's motion for a preliminary injunction is <u>DENIED</u>.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE